IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2041-FL

| | | |
|---|---|---|
| ROBERT G. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| WARDEN ANGELA DUNBAR, | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE 11) and supplemental motion for summary judgment (DE 19) filed by respondent Warden Angela Dunbar ("respondent"). Petitioner responded to both motions. In this posture, the issues raised are ripe for adjudication.

Prior to addressing the pending dispositive motions, the court first examines whether it has jurisdiction over this action. Personal jurisdiction over a § 2241 petition lies in the federal district court where the petitioner's custodian is located. See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973)). As a result, a habeas petition under § 2241 must be filed in the district of incarceration. See 28 U.S.C. § 2241(a); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); United States v. Edwards, 27 F.3d 564, at *1 (4th Cir. 1994) ("Jurisdiction [for a § 2241 petition)]is determined at the time an action

---

[1] Because the parties have attached documents that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction.") (citation omitted).

Respondent's summary judgment materials in this case reflect that petitioner was incarcerated at the Federal Correctional Institution in Pekin, Illinois on the date he filed this action, January 2, 2013 (and remains incarcerated there). See Coll[2] Aff. ¶ 6. Accordingly, the court does not have jurisdiction to entertain petitioner's § 2241 petition. See United States v. Mubang, No. 13-7067, 2013 WL 5546257, at *1 (4th Cir. Oct. 9, 2013) ("Because Mubang is currently incarcerated at the SFF Hazelton in the Northern District of West Virginia, the district court in this instance did not have jurisdiction to entertain the request to modify the payment schedule because a § 2241 petition must be filed in the district of incarceration.") A court "in the exercise of its discretion and in furtherance of justice" may transfer a § 2241 petition to the district of confinement. See 28 U.S.C. § 2241(d). The court finds that the interests of justice require that the action be transferred to the appropriate forum. Thus, the Clerk of Court is DIRECTED to TRANSFER this action to the United States District Court for the Central District of Illinois for further proceedings. All pending motions are DENIED as MOOT without prejudice so that they may be re-filed in accordance with the practices and procedures of Central District of Illinois.

SO ORDERED, this the 14th day of February, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

---

[2] Federal Bureau of Prisons Paralegal Specialist Cornelia Coll submitted a declaration in support of respondent's original motion for summary judgment.